UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARJON,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC COAST PETROLEUM, INC.,<br><br>        Defendant. | Case No. 20-cv-04822-VC<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 20 |

       The Court lacks subject matter jurisdiction over this case. The only possible basis for jurisdiction in the Complaint is the allegation that Arjon "was subjected to work conditions that violated public policy, specifically Federal Motor Carrier Safety Administration Section 395.3(a)(3) and California Labor Section 6400." However, Arjon chose to use this alleged violation of a federal statute as the basis for a state law claim for wrongful termination in violation of public policy, not as the basis for a federal claim. The reference to the federal statute under the state law cause of action does not convert it into a federal claim. "Rather, the complaint merely incorporates [the federal statute] as one of several similar sources of public policy supporting [the] state law claims." *Rains v. Criterion Systems*, *Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). And where, as here, "a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id.* at 346; *see also Nevada v. Bank of America Corp.*, 672 F.3d 661, 675 (9th Cir. 2012). The Court thus lacks subject matter jurisdiction over this suit, and the clerk is directed to remand it to Alameda County Superior Court. *See Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**IT IS SO ORDERED.**

Dated: December 8, 2020

_____
VINCE CHHABRIA
United States District Judge